[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11513
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 16, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:08-cv-00572-JOF

SOUTHERN REALTY MANAGEMENT, INC.,
DUNWOODY FOREST ASSOCIATES, LLC,

Plaintiffs-Appellants,

versus

ASPEN SPECIALTY INSURANCE COMPANY,
HOMELAND INSURANCE COMPANY OF NEW YORK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 16, 2011)

Before CARNES, ANDERSON, and FARRIS,* Circuit Judges.

PER CURIAM:

_____
*Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

We held oral argument in this appeal on Thursday, May 12, 2011. We have carefully studied the briefs, the two opinions of the district court, the relevant case law, and relevant portions of the record. We conclude that the two opinions of the district court, in Docket 97 and Docket 117, reach the appropriate resolution of this case. Although appellants' briefs on appeal make numerous arguments, and although we have carefully considered each, we readily conclude that the arguments are wholly without merit. Indeed, the sales documents, which appellants refused to provide to appellee during its investigation, are so obviously relevant and material that it is hard for us to imagine why appellants did not understand that. To take only one example, after appellants rejected the idea that the scheduled loss limit of $941,000 was applicable, the facts and the policy language strongly indicated that a likely alternative loss calculation would be the actual cash value of the loss, in other words a comparison of value before and after the loss. It is a simple matter of common sense that the sales documents would be relevant and material to that determination.

We have also examined sufficient parts of the record to conclude that before filing suit, appellants never provided appellee with any justification for the documents being confidential except a bald, conclusory assertion that they were confidential. The record reveals no reason why the documents were confidential.

Appellants provided the district court with no reasons at all. On appeal in their initial brief, appellants provided no reason at all as to why the sales documents were confidential, and the reasons listed in their Reply brief for the first time are wholly unpersuasive. Reasons for confidentiality of some of the relevant documents were proffered for the first time, but belatedly, at oral argument.

Under all the circumstances, we conclude that the sales documents were obviously relevant and material, and that appellants asserted no adequate justification for withholding them. We conclude that on this record no reasonable jury could find that appellants made a good faith effort to cooperate in the investigation and provide relevant and material documents. Under the law of Georgia, the district court correctly held that appellants' recovery under the policy was barred.

AFFIRMED.